W. J. CLIFT v. G. W. MARTIN, et als.

EQUITABLE SET-OFF. Where a bill alleged the non-residence and insolvency of a defendant, and sought to have so much of a judgment in his favor against complainant applied to the satisfaction of a judgment held by complainant against defendant,

  Held, A proper case for an equitable set-off.

FROM WARREN.

Appeal from the Chancery Court. A. S. MARKS, Chancellor.

W. E. B. JONES for Clift.

SAVAGE & SWAFFORD for Martin.

FREEMAN, J., delivered the opinion of the Court.

Martin sued Clift before a Justice, and recovered judgment for $139 02. Clift neglected to appeal or seek a new trial by *certiorari*, until too late to get the benefit of these remedies. Ultimately, an execution was issued on this judgment, levied on the property of Clift, when a delivery bond was given, with T. B. Murray as security, and the same forfeited.

Clift then filed this bill, asking an injunction against the judgments, and setting up defences to the merits of a part of it. He, however, failed to show any reason for his failure to make his defence at law, such

Clift *v.* Martin.

as would authorize a Court of Chancery to take jurisdiction to re-try the case. This portion of the bill was demurred to, and the demurrer properly sustained. The bill, however, in addition to the above, charged that Martin was a non-resident and insolvent, having no property in this State, and that Clift was owner of a judgment rendered in favor of one Thompson against said Martin for about one hundred dollars and costs. He prayed an attachment to be levied on the judgment obtained by Martin against him and Murray, for an injunction against further proceeding on the execution, and broadly for general relief, etc.

This bill was taken for confessed, and the case thus heard. The Chancellor, we think, very properly applied so much of the judgment of Martin against Clift as was necessary to the satisfaction of Clift's judgment for $100, it being the one referred to as obtained by Thompson. This was a proper case for an equitable set-off, and may well be sustained on that ground. It was also proper to render a decree for balance on the judgment in favor of Martin against Clift, and Jones, his security on the injunction bond.

The decree will be affirmed, with costs of this Court to be paid by appellant.